UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340



**WILLIAM J. MARTINI**
      **JUDGE**

## LETTER OPINION

June 11, 2010

Gregg Alan Stone
Kirsch, Gelband & Stone, P.C.
17 Academy Street
Suite 707
Newark, NJ 07102
    *(Attorneys for Plaintiff Johnathan Dawkins)*

Edward J. Kologi
923 North Wood Avenue
Linden, NJ 07036
    *(Attorney for Defendants Victor Pozsonyi and Stanley Terrell)*

Steven C. Mannion
Decotiis, Fitzpatrick, Cole & Wisler, LLP
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, NJ 07666
    *(Attorneys for Defendants Leonard Mayer and Richard Trower)*

Robert F. Renaud
Palumbo & Renaud, Esqs.
190 North Avenue East
Cranford, NJ 07016
    *(Attorneys for Defendant Richard Griswold, Jr.)*

Norman W. Albert
Union County Counsel

Elizabeth, New Jersey 07207
> *(Attorneys for Defendants John Manfre, Christopher Calas, Pascal Tyra, and Christopher Stone)*

    Re:    *Dawkins v. County of Union, et al.*
            <u>Civil Action No. 09-4811</u>

Dear Litigants:

This matter comes before the Court on the motion for partial dismissal filed by Defendants Leonard Mayer ("Mayer") and Richard Trower ("Trower") and adopted by Defendants Victor Pozsonyi ("Pozsonyi"), Stanley Terrell ("Terrell"), Richard Griswold, Jr. ("Griswold"), John Manfre ("Manfre"), Christopher Calas ("Calas"), Pascal Tyra ("Tyra"), and Christopher Stone ("Stone") (collectively, "Defendants"). There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, the motion is **GRANTED** and the claims described below are dismissed with prejudice.

## I. BACKGROUND

Plaintiff Johnathan Dawkins ("Dawkins") was an inmate at Essex County Correctional Facility ("ECCF") for several months in 2007. (Plaintiff's Complaint ("Pl. Cmplt.") ¶ 17). Many years prior, he had been diagnosed with paranoid schizophrenia, a disease which allegedly caused him to become "disconnected from reality" and prevented him from "understanding, acknowledging, or obeying verbal commands." (Id. at ¶¶ 19, 25). He was on psychiatric medication for the duration of his time at ECCF, to control his condition. (Id. at ¶ 19). On October 7, 2007, Plaintiff was transferred from ECCF to Union County Correctional Facility ("UCCF"). (Id. at ¶ 18). For unknown reasons, Plaintiff's medical records were not forwarded to the new facility, and as a result, he stopped receiving his medication. (Id. at ¶¶ 21-23).

On October 13, 2007, corrections officers observed Dawkins behaving erratically in his cell and engaged in a "forced cell extraction" to remove him from the cell and transport him to a medical facility for a mental health assessment. (Id. at ¶ 27). The officers entered Dawkins's cell and, while Dawkins covered his face and chest with a pillow, they sprayed pepper spray into the air to subdue him. (Id. at ¶¶ 28-29). Dawkins was then forced facedown against the floor as an officer held him in place with his knee. (Id. at ¶ 31). Because of the pillow that Dawkins had been holding, his airways were constricted as he lay on the floor and he could not breathe. (Id.) A videotape of the extraction allegedly shows Dawkins gasping for air and then lying motionless for minutes as the officers continued to restrain him. (Id.) Dawkins's asphyxiation left him permanently brain dead, and he currently resides at Pope John Pavilion, a long term medical care facility in Orange, New Jersey. (Id. at ¶ 7). His mother, Sara Humphrey, is serving as his guardian *ad litem* in this matter. (Id.)

Plaintiff filed a complaint with the district court on September 18, 2009, alleging that he was injured as a result of Defendants' use of excessive force during the cell extraction, among other grounds. (CM/ECF Docket Entry No. 1). His complaint contains the following claims: (1) Violation of federal civil rights and excessive force (§

2

1983) (Count 1); (2) State law claim of willful, wanton, and reckless conduct resulting in injury (Count 2); (3) State law claim of assault and battery (Count 3); (4) State law civil rights/ New Jersey Constitution claim of excessive force (Count 4); (5) State law claim of unlawful custom, practice, and policy with respect to the forced cell extraction (Count 5); (6) State law claim of unlawful custom, practice, and policy with respect to the failure to properly diagnose Dawkins's condition (Count 6); (7) State law negligence claim for the nursing and medical care received by Dawkins after his injury (Count 7); and (8) Punitive damages (Count 8). (Id.).

Presently before the Court is a motion for partial dismissal of the complaint filed by Defendants Mayer, Trower, Pozsonyi, Griswold, Terrell, Manfre, Calas, Tyra, and Stone, state employees and corrections officers at UCCF. Specifically, Defendants argue that they have immunity with respect to certain theories of liability upon which the state law claims are predicated, such that certain claims (but not counts) should be dismissed pursuant to Fed. R. 12(b)(6), and that the federal claim filed against them in their official (but not individual) capacities should be dismissed because that claim is duplicative of the claim brought against the County of Union, also a named defendant in the matter.

## II.   ANALYSIS
### A.   Standard of Review

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although a complaint does not need to contain detailed factual allegations, "the 'grounds' of [the plaintiff's] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level. *See id.* at 1964-65. Furthermore, although a court must view the allegations as true in a motion to dismiss, it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### B.   Immunity

The New Jersey Tort Claims Acts provides, in pertinent part, that public employees are immune for failing to perform a mental health assessment, failing to

3

diagnose a mental condition, and for any decision to confine a person for mental illness. N.J.S.A. 59:6-4, 6-5, 6-6. These immunities are absolute and any ambiguities or close calls in their application must be resolved in favor of immunity, not liability. *See Charpentier v. Godsil*, 937 F.2d 859, 865 (3d Cir. 1991) (citing *Kyriakos v. Dept. of Human Services*, 216 N.J. Super. 308, 312 (App. Div. 1987); *see also Perona v. Township of Mullica*, 270 N.J. Super. 19, 30 (App. Div. 1994). New Jersey law also immunizes law enforcement officers from civil or criminal liability arising out of the custody, detention, or transportation of an individual for the purpose of mental health assessment or treatment, as long as the officers took "reasonable steps" and acted in good faith. N.J.S.A. 30:4-27.7

In reliance on these statutory provisions, Defendants argue that as both public employees and law enforcement officers, they are immune from any liability arising out of any failure to diagnose Dawkins' condition, the decision to extract him from his cell, and the decision to transport him for medical assessment. Therefore, Defendants argue that Plaintiff's state law claims which rely on these theories of liability must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.

Plaintiff opposes this position in part by arguing that the Complaint does not allege that Defendants negligently failed to diagnose Plaintiff's illness (for which immunity would be clear) but rather that Defendants are liable because they "failed to appreciate that plaintiff was not comprehending their verbal commands because of his bizarre behavior." However, as Defendants aptly point out in their Reply Brief, regardless of the precise language used by Plaintiff, this is just another way of alleging a failure to diagnose an illness.

Plaintiff also argues that because certain of the immunities provided by N.J.S.A. 30:4-27.7 depend upon the officers having acted reasonably and in good faith, there exist questions of fact such that dismissal at this juncture is inappropriate. However, Plaintiff makes no allegations that Defendants acted in bad faith and makes nothing more than a bald assertion that their conduct violated applicable and generally accepted standards. Moreover, the immunities provided by N.J.S.A. 30:4-27.7 merely supplement those provided by the New Jersey Tort Claims Act, which has no such good faith or reasonableness requirements. Thus, even without the protections of N.J.S.A. 30:4-27.7, Defendants would be fully immunized with respect to these claims.

Defendants' arguments with respect to immunity from liability arising out of any failure to diagnose Plaintiff's condition, the decision to extract him from his cell, and the decision to transport him for medical assessment, are sound and warrant dismissal of all claims based upon these theories of liability. Due to the manner in which the Complaint was drafted, no specific counts can be dismissed despite this finding of immunity, but these particular theories of liability are no longer available to Plaintiff.

### C. Redundancy

Defendants move to dismiss all federal claims brought against them in their official capacities as redundant. According to their position, dismissal is warranted because Union County is the real party in interest and the identical claims have also been

brought against Union County in this action.

Defendants correctly assert that a § 1983 claim brought against a government official is in actuality a claim against the official's office, and not against the official himself. *Will v. Michigan*, 491 U.S. 58, 71 (1989). The real party in interest therefore is the office and it is the office, not the official, that will pay any damages. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Therefore, as the Supreme Court has routinely concluded, official capacity claims are redundant when the office, in this case the County of Union, is named as well. *See id*. at 165-166.

Plaintiff misconstrues Defendants' argument and provides reasons why the official capacity claims are different from the individual capacity claims. However, Defendants do not seek to dismiss the individual capacity claims nor do they argue that the individual capacity claims duplicate the official capacity claims. As such, Plaintiff's opposition lacks merit.

Because the official capacity § 1983 claims duplicate the claims brought against the County of Union, the County of Union is the real party at interest, has filed an answer, and is actively defending the claims against it, the official capacity claims serve no purpose and shall be dismissed. *See Artis v. Francis Howell North Band Booster Association, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) (stating that a claim against a public employee in his official capacity should be dismissed as redundant when the employee's employer is a party to the litigation).

## III.   CONCLUSION

For the reasons stated above, Defendants' motion for partial dismissal is **GRANTED**. The claims related to the alleged failure to diagnose Plaintiff's condition, the decision to extract him from his cell, and the decision to transport him for medical assessment are **DISMISSED WITH PREJUDICE** as to Defendants Mayer, Trower, Pozsonyi, Griswold, Terrell, Manfre, Calas, Tyra, and Stone. In addition, the official capacity claims brought against Defendants Mayer, Trower, Pozsonyi, Griswold, Terrell, Manfre, Calas, Tyra, and Stone are **DISMISSED WITH PREJUDICE**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**